**Francisco C. BELLAH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17070.**

United States Court of Appeals Fifth Circuit.

June 30, 1958.

Joseph J. Rey, El Paso, Tex., for appellant.

Robert S. Pine, Asst. U. S. Atty., El Paso, Tex. (Russell B. Wine, U. S. Atty., San Antonio, Tex., James E. Hammond, Asst. U. S. Atty., El Paso, Tex., on the brief), for appellee.

Before HUTCHESON, Chief Judge, and JONES and WISDOM, Circuit Judges.

## PER CURIAM.

Appellant was convicted on Counts Two and Three of an indictment charging in Count Two the fraudulent concealment of a quantity of heroin in violation of Sec. 174, 21 U.S.C.A., and in Count Three a violation of Sec. 1407 of Title 18, U.S.C.A., in that, being a citizen of the United States and having been convicted of a violation of the marihuana laws of the United States, he entered the United States at El Paso, Texas, without registering with a customs official, agent, or employee in compliance with the rules and regulations prescribed by the Secretary of the Treasury.

Tried before the district judge without a jury upon evidence which showed that the narcotics in question were found concealed in the house of the defendant and, no evidence or testimony having been offered by him to explain its presence in his house, he was found guilty and, being a second offender, was sentenced to ten years on Count Two and two years on Count Three, the sentences to run concurrently.

Appealing from the judgment, defendant presents two grounds of error. One of these, directed to the judgment and sentence on Count Two, is that the proof was insufficient to connect the defendant with the narcotics found in his house and, therefore, to support a conviction, and it was error to deny defendant's motion for acquittal. The other, directed to the conviction on Count Three, is that there is no proof in the record that he is a citizen of the United States.

We cannot agree with either of these contentions. As to the first that the evidence was not sufficient to connect him with the narcotics found in his house, we think that the state of the proof was such that, absent some explanation by the defendant as to the presence of the narcotics and his lack of knowledge of their being there, it was sufficient to support a finding and judgment against him, Prichard v. United States, 5 Cir., 158 F.2d 952; Nounes v. United States, 5 Cir., 4 F.2d 833.

As to his second point, it is sufficient to say: that no such point was made below; that the evidence shows that he admitted to the officers that he was born in El Paso; that his appeal in forma pauperis is based upon his affidavit; and that in his sworn plea for leave to proceed in forma pauperis, he declares that he is a citizen of the United States.

No reversible error appearing the judgment is

Affirmed.