**Fred SYKES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17659.

United States Court of Appeals
Eighth Circuit.

Feb. 8, 1965.

Fred Sykes pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

Fred Sykes and his co-defendant, Thomas J. Ruffin, were found guilty of unlawful concealment of heroin in violation of Title 21, U.S.C. § 174. The judgment of conviction was affirmed. Sykes v. United States, 312 F.2d 232 (8 Cir. 1963).

Sykes now seeks a review of the order of the District Court denying his motion to vacate the sentence under 28 U.S.C. § 2255. The numerous grounds alleged in support of the motion were carefully considered by the Court as shown by its unreported memorandum opinion.

Appellant has abandoned all but two of the grounds alleged in his motion, namely, (1) that the search of his premises was illegal and (2) that no possession of heroin was shown. Apparently, appellant is laboring under the belief that the search of his home, where the narcotics were found, was without a search warrant. In this he is mistaken. The validity of the warrant and the execution thereof were attacked on appeal from the conviction, and we resolved both issues against appellant. Sykes v. United States, supra, 312 F.2d at pages 233 and 234. Issues disposed of on appeal from the original judgment will not be reviewed again under a § 2255 motion. Butler v. United States, 340 F.2d 63 (8 Cir. 1965) and cases there cited.

In asserting that possession of narcotics was not shown, contention 2, appellant is in reality contending that the evidence was insufficient to make a submissible case. Such an issue must be and indeed was raised by appeal from the conviction—it is not an issue that may be presented by motion to vacate under 28 U.S.C. § 2255. Holt v. United States, 303 F.2d 791, 794 (8 Cir. 1962).

Appellant also seeks consideration of a contention not presented in his motion to vacate, namely, that the Government informer gave false testimony in the original trial. There is not the slightest suggestion that the United States Attorney knew at the time the testimony was elicited that it was tainted with perjury. In the absence of this essential element, the contention is wholly insufficient to vitiate the sentence by collateral attack thereon. Holt v. United States, supra, 303 F.2d at page 794.

The order appealed from is affirmed.