**Carl McFADDEN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 70 C 437(1).**

United States District Court,
E. D. Missouri, E. D.

Oct. 14, 1970.

Carl McFadden, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM OPINION

HARPER, Chief Judge.

This matter is before the court on petitioner's motion to vacate judgment and sentence imposed by this court on June 3, 1966. Petitioner was convicted of illegal purchase and sale of narcotics in violation of 26 U.S.C.A. §§ 4704(a) and 4705(a). The conviction was affirmed, Kibby, Stewart and McFadden v. United States, 372 F.2d 598 (8th Cir. 1967), and cert. denied 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993 (1967). This court has jurisdiction under 28 U.S.C.A. § 2255.

In support of his motion under 2255, petitioner asserts two grounds for relief. First, he alleges that the government informer and witness, Dudley Brown, committed perjury by his testimony. Second, he alleges that the government narcotics agent, Richard Patch, also committed perjury by his testimony. A general allegation is made in support of the above specifications of error that Brown and Patch conspired and committed perjury together in order to shield certain unnamed persons who were involved in narcotic traffic.

Petitioner's first allegation concerns the testimony of Brown. He claims that Brown perjured himself at the trial by stating that he was not addicted to drugs since Brown was treated at a hospital for drugs prior to the trial (Tr. pp. 12–19). A review of the transcript discloses Brown testified he was using narcotics and stated the amounts he used. There is no inconsistency in this area of Brown's testimony. The remainder of the petitioner's allegations concerning Brown strictly relate to credibility. This issue was raised on appeal and the petitioner's conviction was affirmed in Kibby et al. v. United States, supra. It will not be further discussed here.

Petitioner's second allegation is that the narcotics agent perjured himself. The petitioner does not point to any specific testimony at the trial that he alleges to be false. Instead, he asserts that an inference of perjury arises solely from the fact that Patch was indicted in February, 1970, for bribery of government employees. Petitioner's Exhibit F states that Patch was discharged from government service in May, 1969. The fact that Patch was dismissed from the service and was indicted in February, 1970, is insufficient to show a lack of truthfulness in his testimony some four years earlier.

In Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962), cert. denied 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963), the court set forth the requisites that must be shown in order to vacate a sentence on the grounds of perjured testimony, stating:

"As to the issue of perjured testimony, we observe at the outset that in order to vacate the judgment and sentence on such grounds, two elements must be established: first, the use of perjured testimony, and, second, knowledge by the prosecuting officials at the time the testimony was used that it was perjured." (Citing cases.)

The requirements of Holt v. United States, supra, have been restated in Sykes v. United States, 341 F.2d 104 (8th Cir. 1965); Marcella v. United States, 344 F.2d 876 (9th Cir. 1965), cert. denied 382 U.S. 1016, 86 S.Ct. 630, 15 L.Ed.2d 531 (1966); and in Grimes v. United States, 396 F.2d 331 (9th Cir. 1968).

The allegations of the petitioner are vague and conclusionary. From a review of the record, the testimony of Brown was not perjurious. The recent indictment of Patch is irrelevant to his testimony four years earlier in the petitioner's case. There is no allegation that the prosecuting official knew that such testimony in the trial was false. The court finds that the petitioner is not entitled to the relief sought.

Accordingly, it is therefore ordered that the petitioner's motion be overruled, and the clerk will enter the proper order to that effect.