Carl McFADDEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 72–1368.

United States Court of Appeals,
Eighth Circuit.

Submitted June 28, 1972.

Decided July 7, 1972.

Rehearing Denied July 26, 1972.

Before VOGEL and BRIGHT, Circuit Judges.

PER CURIAM.

Petitioner, Carl McFadden, has filed a motion in this court requesting that we order the clerk of the district court to loan petitioner the transcript of a hearing held pursuant to this court's order in McFadden v. United States, No. 71–1397 (8th Cir., Sept. 30, 1971). In that case, the court directed the district court to hold a hearing, in conjunction with hearings ordered in cases involving petitioner's codefendants, United States v. Stewart, No. 20,641 (8th Cir., Aug. 4, 1971), and Kibby v. United States, No. 71–1074 (8th Cir., Sept. 28, 1971), to determine whether petitioner was convicted through perjured testimony. The district court has held this hearing and has found petitioner's contentions to be without merit. Petitioner has now appealed from that ruling.

Petitioner asserts that two government witnesses, Dudley Brown and Richard Patch, gave perjured testimony at his trial. This court considered a similar claim regarding these witnesses in United States v. Stewart, 445 F.2d 897 (8th Cir. 1971). We are therefore familiar with petitioner's claim, which rests upon a recanting statement made by Dudley Brown. Judge Harper found that neither Brown's recanting statement nor Brown's testimony at the hearing served to exculpate petitioner. Judge Harper said:

> To summarize, in Brown's statement to the narcotics agent and in his testimony at the hearing, Stewart is the only one he attempts to exculpate. His testimony is of no significance with respect to the allegations of perjury set out in the petition of McFadden.

Under these circumstances, petitioner cannot prevail on this appeal. Accordingly, pursuant to Rule 9 of this court,[1] we dismiss his appeal as legally frivolous.

1. Rule 9 of this court provides:
    If upon consideration of any interlocutory motion, or as a result of a review under Rule 6, it shall appear to the Court that the appeal is friviolous and entirely without merit, the appeal may be dismissed without the notice contemplated in Rule 8.