**Carl F. NEWLAND, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 72 C 609(A).**

United States District Court,
E. D. Missouri, E. D.

Nov. 2, 1972.

———◆———

Carl F. Newland, pro se.

Daniel Bartlett, Jr., U. S. Atty., W. D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM AND ORDER

HARPER, District Judge.

The petitioner on October 4, 1972, filed a motion under 28 U.S.C.A. § 2255 to vacate, set aside or correct sentence, and on October 17, 1972, sent to the Court a letter which pertains to his 2255 motion and which is styled "Mandamus". In addition, the petitioner seeks to proceed in forma pauperis and leave to proceed in forma pauperis has been granted.

Petitioner was one of nine defendants indicted in 1967 (67Cr 139[1]). The indictment was in twenty-one counts. During the trial eleven counts were dismissed by the government. The petitioner was found guilty on Counts 3, 4, 5, 6, 13, 14, 18 and 20, and not guilty on Counts 7 and 8. The petitioner was sentenced to four years on each of Counts 3, 4, 5, 6, 13, 14, 18 and 20, the sentences on Counts 4, 5, 6, and 13 to run concurrent with the sentence under Count 3, the sentence on Count 14 to run consecutively with the sentence under Count 3, and the sentences under Counts 18 and 20 to run concurrent with the sentence under Count 14, or a total sentence of eight years.

Counts 3, 4, 5 and 6 related to the causing of letters to be mailed unlawfully under the Security Act of 1933, 15 U.S.C.A. § 77q(a). Count 13 charged violation of 15 U.S.C.A. § 77e(c). Counts 14, 18 and 20 were brought under 18 U.S.C.A. § 1341 relating to mail fraud.

The petitioner's conviction was affirmed by the Eighth Circuit Court of Appeals in United States v. Porter, et al., 441 F.2d 1204, and certiorari was denied.

While generally a hearing is necessary prior to the disposition of 2255 motions, this requirement is subject to the statutory qualification that the files and records of the case may be sufficient alone to dispose of the motion where they conclusively show that the petitioner is entitled to no relief.

This is the second 2255 motion filed by this petitioner with respect to his conviction, the first being 72C 573(A), in which a memorandum opinion and order was filed by the Court on October 16, 1972.

The first motion filed attacked the venue of this Court. In the present motion the petitioner contends that he was illegally convicted on Counts 3, 4, 5, 6 and 13 of the indictment, which pertained to violation of the Securities Act of 1933 (15 U.S.C.A. § 77q with respect to Counts 3, 4, 5 and 6, and 77e(c) with respect to Count 13).

The petitioner contends that he followed the orders of the State Security Commissioner of Missouri, which required that the letters in question be sent; that the sending of the letters was a duty authorized by the state and were

not in any way to be used in forming a scheme and conspiracy, as charged by the government; that this was an intrastate transaction and that he was protected from any intention of violating the law in that either there was no SEC violation, or if there was a violation it was on the part of the State of Missouri, which directed and granted the authority to do what was done. Petitioner, therefore, requests that the sentences under Counts 3, 4, 5, 6 and 13, which he alleges were unlawfully and illegally pronounced, be vacated and set aside.

The petitioner's contention here is disposed of by the Court of Appeals in its opinion adversely to him. The petitioner was charged with the violation of Federal statutes, and the Court in *Porter*, supra, at page 1208, said: "We find there exists substantial evidence to support the verdict of the participation of each of the defendants in a scheme to defraud investors." The defendants included this petitioner.

The Court further at page 1211 discusses the matter of the use of the mail and sets out that mailings which are even incidental to the fraud itself are sufficient to support the jurisdiction of a § 77q(a) violation.

What the petitioner is contending in this case was passed upon by the Court of Appeals adversely to him, and the principle is well established that the remedy provided by 28 U.S.C.A. § 2255 cannot be used to serve the functions and purposes of an appeal. Cardarella v. United States, 351 F.2d 443, 447 (8th Cir.)

The Court in Sykes v. United States, 341 F.2d 104, 105 (8th Cir.) said: "Issues disposed of on appeal from the original judgment will not be reviewed again under a § 2255 motion."

The petitioner is not entitled to § 2255 relief on these merely frivolous claims which were fairly and fully heard and determined against them by the district court in denying directed verdicts, and specifically passed on by the Court of Appeals. Cases are legion holding that once a matter has been decided adversely to a defendant on a direct appeal it cannot be relitigated in a § 2255 motion.

Accordingly, petitioner's motion to vacate judgment and sentence under Counts 3, 4, 5, 6 and 13, is overruled in all particulars.