**Carl McFADDEN, Appellant.**

v.

**UNITED STATES of America, Appellee.**

**No. 73–1656.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1973.

Decided Dec. 18, 1973.

Carl McFadden, No. 83551, filed typewritten brief pro se.

Donald J. Stohr, U. S. Atty., and Richard E. Couglin, Asst. U. S. Atty., St. Louis, Mo., filed printed appellee's brief.

Before GIBSON and ROSS, Circuit Judges, and TALBOT SMITH *, District Judge.

PER CURIAM.

Petitioner appeals from a denial of his motion under 28 U.S.C. § 2255, praying that the court set aside and vacate his conviction and order a new trial.

The prior history of this case will be found in McFadden v. United States, 372 F.2d 598 (8th Cir. 1967), cert. denied 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993 (1967); McFadden v. United States, 317 F.Supp. 926 (E.D.Mo.1970); McFadden v. United States, 436 F.2d 1384 (8th Cir. 1971); United States v. Stewart, 445 F.2d 897 (8th Cir. 1971); McFadden v. United States, 343 F.Supp. 402 (E.D. Mo.1972), and McFadden v. United States, 463 F.2d 730 (8th Cir. 1972), rehearing denied July 26, 1972.

We are now considering the fourth § 2255 motion. It asserts, in substance, that there was suppression by the government of evidence relating to the interest of a government witness in testifying for the government, asserting that the government had made a plea-bargaining "deal" with the witness. With a slight change in verbiage this is the same charge as made in the third § 2255

---

* Hon. Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

motion, which was denied after plenary hearing with respect thereto, the denial thereof being affirmed by this court. The fourth, now before us, is likewise denied, and for the same reasons.

As we held in a somewhat similar situation in Patrick v. United States, 466 F.2d 502 (8th Cir. 1972), an appeal from a dismissal of a fourth § 2255 motion,

A review of the record convinces us that Patrick's allegations have already been fully considered in the federal courts and that this case is appropriate for summary affirmance.

Accordingly, the order, D.C., 362 F.Supp. 1106, dismissing petitioner's motion to vacate and set aside sentence is

Affirmed.