RYDER, Judge.
This petition for writ of certiorari is taken from an order of the Circuit Court of Pinellas County sitting in its appellate capacity dismissing an appeal from the county court to the circuit court from petitioner’s *44 conviction of D.W.I. The dismissal of the appeal recited that it was pursuant to the state’s motion to dismiss. The motion to dismiss was based on petitioner’s failure to supply the appellate court with a record of the county court proceedings. ■
Prior to the dismissal, petitioner had filed a motion and an amended motion for order directing court reporters to transcribe proceedings. Both motions were denied by a circuit judge other than the judge dismissing the appeal. At all relevant times, petitioner had been declared insolvent and was represented by the Public Defender of the Sixth Judicial Circuit.
Petitioner requests that this court issue its writ of certiorari quashing the order of dismissal and further that this court issue its writ of mandamus compelling the circuit court to provide petitioner with those portions of the transcript requested. Petition-, er points out that he did not request the entire trial transcript but only those portions dealing with the motion in limine, which was the subject of his appeal.
Respondents argue that “Judge Walker applied the presumption that the lower court was correct in properly dismissing the appeal, there being no showing of any error in the record on appeal.” As to the petition for writ of mandamus asking that the record be required to be sent, the State argues that an indigent is entitled only to so much of the transcript as is needed for the appeal and, additionally, that the appeal below was frivolous.
First, a procedural note. While petitioner has styled this petition as a petition for certiorari and mandamus, we treat the petition solely as a petition for certiorari. Certiorari is the accepted writ to review a decision of a circuit judge sitting in an appellate capacity. Once the final appellate decision (here, the' dismissal) is subject to review, preliminary orders (such as the orders denying'record) may be reviewed in the same case.
Going to the merits of the certio-rari petition, the State’s argument that petitioner was entitled to only so much of the
record as pertained to the appeal, while legally correct, is not applicable here because it was the State’s own motion to dismiss below which alleged that there was not sufficient record to decide petitioner’s points on appeal. Further, the motion to dismiss was granted with no other reason being given. Respondent’s argument that the appeal would have been frivolous also misses the target. Respondent cites one case, MeFadden v. United States, 463 F.2d 730 (8th Cir. 1972), for the proposition that a transcript need not be provided for a frivolous appeal. In that case, the appellate court had rejected the exact claim before and in a new appeal made a specific finding that the appeal was frivolous. Assuming, arguendo, that this is good law in Florida, there was no finding of frivolity in this case.
Although not cited by either party to this appeal, there is one analogous certiorari case. In Favors v. City of Tampa, 246 So.2d 172 (Fla. 2d DCA 1971), this court granted certiorari and quashed an order of a circuit court sitting in its appellate capacity dismissing an appeal because the record was not timely filed. In that case, it was found that the record was not filed due to the fault of the lower court clerk rather than the appellant’s fault. In this case, appellant attempted to procure the record, and the failure to file the record was due to the action of the circuit judge denying appellant’s request for record. As in Favors, supra, the order of dismissal was a departure from the essential requirements of law. Accordingly, the petition for writ of certio-rari is granted, the order of dismissal is quashed and the cause remanded for further proceedings.
GRIMES, C. J., and HOBSON, J., concur.