**UNITED STATES of America**

**v.**

**Thomas H. GREENE.**

**No. 87–32(S)–Cr–J–12.**

United States District Court,
M.D. Florida,
Jacksonville Division.

July 14, 1987.

Curtis Fallgatter, Asst. U.S. Atty., Jacksonville, Fla., for the Government.

Walter Arnold, Ralph N. Greene, III, Jacksonville, Fla., for defendant.

## ORDER

MELTON, District Judge.

In an indictment filed on February 19, 1987, defendant was charged with three counts of knowingly and willfully making false statements to a federally insured bank in connection with a request to settle an outstanding judgment, all in violation of 18 U.S.C. § 1014 (Counts One, Two, and Three), one count of knowingly and willfully devising a scheme and artifice to defraud a federally insured bank, in violation of 18 U.S.C. § 1344 (Count Four), and one count of knowingly and willfully making false statements to a federally insured bank in connection with an application for a loan, in violation of 18 U.S.C. §§ 1014 and 2 (Count Five). Then, on April 23, 1987, the government filed a superseding indictment in which it charged defendant with the same offenses set forth in the original indictment.

Defendant filed a motion to dismiss with regard to the original indictment on April 23, 1987, to which the government filed a response in opposition on April 30, 1987. After the government submitted the superseding indictment, defendant, on May 19, 1987, filed a motion to dismiss said indictment, in which he included by incorporation the points raised in his first motion to dismiss. Thereafter, on May 27, 1987, the government filed a memorandum of law opposing defendant's motion to dismiss the superseding indictment. In its memorandum, the government also incorporated by reference the arguments set forth in its initial opposition.

A hearing was held on the matter on May 28, 1987, at which time the Court heard argument by counsel for the respective parties. Upon consideration of the memoranda submitted by counsel with regard to the original indictment and the superseding indictment, as well as the arguments presented by counsel at the aforementioned hearing, and upon review of the law pertinent hereto, the Court is of the opinion that defendant's motion to dismiss the superceding indictment should be denied. The basis of the Court's decision follows.

*Counts One, Two, and Three (Alleged Violations of 18 U.S.C. § 1014)*

■ Defendant argues that making false statements during negotiation sessions to settle a judgment owned by a bank which is insured by the Federal Deposit Insurance Corporation is not prohibited conduct within the scope of 18 U.S.C. § 1014. This section provides in pertinent part:

Whoever knowingly makes any false statement or report ... for the purpose of influencing in any way the action of ... any bank the deposits of which are insured by the Federal Deposit Insurance Corporation, ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any exchange or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $5,000 or imprisoned not more than two years, or both.

Specifically, defendant contends that the crimes for which he is charged in the initial three counts of the indictment, making false statements in connection with an attempt to settle an outstanding judgment, is not one of the activities enumerated in § 1014. According to arguments presented by defendant's counsel, § 1014 was intended by Congress to reach false statements made in relation to credit transactions, not activities such as negotiations concerning the settlement of a judgment.

Defendant relies on numerous cases as support for his motion to dismiss Counts One, Two, and Three. Two cases, however, form the foundation of defendant's attack: *Williams v. United States*, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982) and *United States v. Krown*, 675 F.2d 46 (2d Cir.1982). It is defendant's position that these cases limit the reach of 18 U.S.C. § 1014 to statements made in relation to an application or commitment involving a credit transaction, therefore excluding the activity of negotiating to settle a judgment. A brief discussion of these cases is in order.

In *Williams v. United States,* 258 U.S. at 279, 102 S.Ct. at 3089, the Supreme Court had before it a very narrow issue: "Whether the deposit of a 'bad check' in a federally insured bank is proscribed by 18 U.S.C. § 1014." The Court stated that in order to be convicted under § 1014, the government had to prove (1) that the defendant made a "false statement or report", or "willfully overvalue[d] any land, property, or security", and (2) that he made such statement or report "for the purpose of influencing in any way the action of [the bank or banks] upon application, advance, ... commitment, or loan." The Court found that the writing of bad checks is not "a false statement." Therefore, the government had failed to meet its burden. The Court's decision in *Williams* does not address whether the scope of the statute extends only to credit transactions expressly stated. The limitation placed on the statute by the Court in *Williams* involved the question of what constitutes a false statement under § 1014. The only restriction placed on the statute is the requirement that "a factual assertion" must be made in conjunction with a transaction for there to exist a false statement. *Id.* at 284, 102 S.Ct. at 3091.

In the case at bar, Counts One, Two, and Three of the indictment clearly allege that defendant made oral and written false statements with regard to his financial condition. Therefore the *Williams* holding does not place the alleged activities of defendant outside the bounds of § 1014.

Like the Supreme Court in *Williams,* the Second Circuit Court of Appeals in *United States v. Krown,* 675 F.2d at 46 had before it the issue of whether a fraudulent check is a false statement under the meaning of § 1014.[1] The Second Circuit decided that it is not. The court in *Krown* also found that while the defendant had deposited three fraudulent checks, there had been no action taken by the bank in reliance on the checks. In fact, "[defendant] received no funds

from the bank ... either in the form of·a conventional advance or loan or by way of a withdrawal from her account." Finally, it was the court's view that there was no evidence that defendant attempted to influence the bank in connection with an advance or loan.

In contrast to *Krown,* the indictment in the present case (1) charges defendant with making both oral and written false statements; (2) reflects that the bank took action based on the alleged false statements of defendant in that it agreed to settle the judgment it had against him; and (3) quite clearly, states that defendant made the alleged false statements to influence the bank. Thus, the Court does not find the holding in *Krown* to be dispositive of the issues presented herein.

The Fifth Circuit Court of Appeals, in *United States v. Bush,* 599 F.2d 72, 75 (5th Cir.1979), had occasion to discuss the breadth of § 1014 and made the following observation:

> While it is undoubtedly true that 18 U.S.C. § 1014 benefits various financial institutions, the law's ultimate beneficiary is the United States. False statements given to insured banks have the potential to mislead the auditors charged with maintaining the federal standards. The government's interest in maintaining the vitality of its insurance programs mandates that all material false statements violate § 1014, even when the false statements are given with the knowledge, consent or duplicity of a bank officer.

The *Bush* court's view is indicative of the broad interpretation Courts have given § 1014. Moreover, the Court finds that the Supreme Court's opinion in *Williams* supports this view. In *Williams,* the Court noted that § 1014 "provides penalties for making false statements or reports in connection with loans or other similar transactions."[2] *Williams,* 458 U.S. at 289–90, 102

---

1. The Court notes that while *Williams* involved a check kiting scheme and *Krown* involved an attempt to have fraudulent certified checks placed in an account, the question of whether a

check is a statement was presented in both cases.

2. The dissent in *Williams* made clear that § 1014 is a "comprehensive statute designed to

S.Ct. at 3094. A false statement made in the context of a credit transaction and a false statement made during settlement negotiations have the same detrimental effect on a bank, and therefore on the federal government insurance programs. It does not follow that once a delinquent loan is reduced to a judgment § 1014 becomes inoperative. Logically then, a false statement made in settlement negotiations should be considered a "similar transaction" under the statute. Therefore, the Court finds that making false statements to a federally insured bank during negotiations to settle a judgment constitutes a cognizable offense under § 1014.

*Count Four (Alleged Violation of 18 U.S. C. § 1344)*

■ In relevant part, § 1344 states:
(a) Whoever knowingly executes or attempts to execute a scheme or artifice—

(1) to defraud a federally chartered or insured financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representations, or promises, shall be fined not more than $10,000, or imprisoned not more than five years, or both.

The government and defendant agree that because of the relative newness of § 1344 and because the mail fraud statute uses the same "scheme or artifice" language used in § 1344, cases addressing what is required to properly allege a violation of the mail fraud statute are relevant to the present case.

Relying on *United States v. Bush*, 522 F.2d 641 (7th Cir.1975), *cert. denied*, 425 U.S. 986, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976), a case in which the court discusses the requirements of a scheme or artifice, defendant contends that the government has failed to set forth in the indictment the specific action or actions of defendant that constitute a scheme or artifice. According to defendant, for an indictment to be sufficient with regard to a scheme or artifice there must be a fiduciary relationship between the defendant and the victim, a material misrepresentation, a duty to disclose an interest with a concomitant failure to do so, dishonesty, a violation of a state or federal statute, and the use of bribery or kickbacks. Applying this law to his particular case, defendant states that the superseding indictment is defective in that the government has not alleged the essential elements of a scheme or artifice. Defendant states that the government has done nothing more than describe an arm's length transaction between defendant and Sun Bank, in which Sun Bank submitted a proposed settlement to defendant, who rejected it and thereafter reworked said agreement and submitted it to Sun Bank.

The Court agrees with the government and defendant that § 1344 was patterned after the mail fraud statute, and cases interpreting the mail fraud statute can and should be used to evaluate the § 1344 count in the present action. In its review of defendant's argument noted above, the Court finds that defendant's reliance on *Bush* is misguided. The *Bush* court indeed listed the activities noted by defendant but used the disjunctive "or", indicating that *one* of the enumerated activities carried out in conjunction with the use of the mails will suffice to state a violation of the mail fraud statute.

The Court notes that it is not sufficient to merely plead the statutory language in a mail fraud count. *United States v. Curtis*, 506 F.2d 985, 990 (10th Cir.1974). The indictment must allege both the elements of the offense charged and facts which inform defendant of the specific offense charged. *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir.), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980).

In considering the sufficiency of the scheme to defraud aspect of a mail fraud count, a Court should apply a "nontechnical standard." *Gregory v. United States*, 253

protect the assets of federally insured lending institutions." *Williams*, 458 U.S. at 293, 102

S.Ct. at 3096 (Marshall, J., dissenting).

F.2d 104, 109 (5th Cir.1958). Schemes that are contrary to public policy are within the scope of the statute. *United States v. Edwards,* 458 F.2d 875, 880 (5th Cir.), *cert. denied,* 409 U.S. 891, 93 S.Ct. 118, 34 L.Ed. 2d 148 (1972). Clearly, the public policy of § 1344 is to protect federally insured banks from fraud. "The [mail fraud] statute does not forbid merely the use of the mails to perpetrate an act made criminal by state or federal law; it reaches any plan, consummated by the use of the mails, in which artifice or deceit is employed to obtain something of value with the intention of depriving the owner of his property." *United States v. Kreimer,* 609 F.2d 126, 128 (5th Cir.1980).

A review of Count Four of the instant indictment reveals that the government has alleged the essential elements of § 1344 and has set forth specific factual details to inform defendant of the ·charge against him. Therefore, the Court will deny defendant's motion to dismiss directed toward Count Four.

*Count Five (Alleged Violation of 18 U.S. C. 1014)*

Defendant argues that the language "from on or about May 2, 1984 through on or about July 12, 1984" renders the count duplicitous. Moreover, defendant asserts that by setting forth that false statements were made "from on or about May 2, 1984 through on or about July 12, 1984," the government has made the offense for which defendant is charged a continuous crime. According to defendant, the offense proscribed in § 1014 cannot be a continuing one. *See Bins v. United States,* 331 F.2d 390 (5th Cir.), *cert. denied,* 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964).

The flaw of duplicity exists when more than a single crime is charged in one count of an indictment. In Count Five of the present indictment, the government has charged defendant with a violation of § 1014 in connection with a single credit application dated May 2, 1984. Therefore, the Court is of the opinion that Count Five does not suffer from duplicity and does not constitute a continuing offense.

Based on the foregoing and after full consideration of all points raised by defendant and the government, it is

ADJUDGED:

That defendant's motion to dismiss the superseding indictment is hereby denied.